IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:12-331-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Gary Davis, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's *pro se* motion for relief under 28 U.S.C. § 2255. Defendant challenges his classification as an armed career criminal based upon his prior conviction for South Carolina second degree burglary. For the reasons outlined below, the court finds that binding Fourth Circuit precedent requires it to find that Defendant's prior conviction for South Carolina second degree burglary renders Defendant an armed career criminal. Accordingly, the Government is entitled to summary judgment and Defendant's motion is dismissed with prejudice.

**I. BACKGROUND**

In early 2012, Defendant was indicted in this District for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).[1] On October 18, 2012, Defendant entered into a written plea agreement to plead guilty to the felon in possession charge. As a part of the plea agreement, Defendant waived his direct appeal rights and his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial

---

[1] Defendant was also charged with possession of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 844(a). This charge was dismissed at sentencing as part of the parties' plea agreement.

1

misconduct. On that same day, Defendant appeared with counsel and after a thorough Rule 11 hearing (which Defendant does not challenge), the court found that Defendant was competent and capable of entering an informed plea of guilty, that Defendant was aware of the nature of the charge and the consequences of pleading guilty, and that his plea was knowing and voluntary and supported by an independent basis in fact that contained each of the essential elements of Count One. The court thereafter adjudged Defendant guilty of felon in possession of a firearm.

A Pre-Sentence Report (PSR) was prepared in anticipation of sentencing. Defendant had several prior state convictions which were deemed qualifying "violent felonies" pursuant to 18 U.S.C. § 924(e). Based upon the number and type of Defendant's prior state court convictions, Defendant was found to be an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Defendant therefore faced a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment. Pursuant to U.S.S.G. § 4B1.4(c)(3), having been found an armed career criminal, Defendant's criminal history category was IV. Defendant's offense level was 33, and after a 3-level reduction for acceptance of responsibility, Defendant's total offense level of 30 and criminal history category IV produced a guideline range of 180 months' imprisonment pursuant to U.S.S.G. § 5G1.1(b). Absent Defendant's designation as an armed career criminal, Defendant's offense level would have been 22, and after a 3-level reduction for acceptance of responsibility, a total offense level of 19 and criminal history category IV would have produced a guideline range of 46 to 57 months' imprisonment.[2]

On January 18, 2013, Defendant appeared for sentencing. Defendant raised an oral objection

---

[2]Based upon the number and type of Defendant's prior convictions, Defendant's criminal history score was 9, resulting in criminal history category IV, the same as it was as an armed career criminal under U.S.S.G. § 4B1.4(c)(3).

to the finding that he was an armed career criminal, contending that two of his predicate drug offenses were not "committed on occasions different from one another. . . ." 18 U.S.C. § 924(e). After hearing from both parties and overruling this oral objection, the court also denied Defendant's motion for downward variance, and sentenced Defendant to 180 months' imprisonment.

Defendant appealed his conviction and sentence and his counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which raised issues of validity of Defendant's guilty plea and the court's denial of Defendant's objection relating to the ACCA. The Government did not seek to enforce the waiver contained in Defendant's plea agreement.

On June 17, 2013, the Supreme Court decided *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013). Three days later, on June 20, 2013, the Supreme Court decided *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276 (2013). Thereafter, on July 11, 2013, the Fourth Circuit affirmed Defendant's conviction and sentence in an unpublished *per curiam* opinion. *See United States v. Davis*, 532 F. App'x 406 (4th Cir. 2013).

On August 25, 2014, the Clerk of Court received Defendant's timely motion for relief under 28 U.S.C. § 2255. Due to complexities of the ACCA issue and in the interest of justice, the court appointed counsel for Defendant, and ordered briefing on use of Defendant's conviction for South Carolina burglary second degree as a predicate ACCA offense. After briefing was concluded, the court determined the Supreme Court's decision to direct rebriefing and reargument in *Johnson v. United States*, 576 U.S. __, __ S. Ct. __, 2015 WL 2473450 (U.S., June 26, 2015), warranted delaying decision in this matter until that case was decided. As *Johnson* has now been decided, this matter is now ripe for consideration.

**II. 28 U.S.C. § 2255**

Defendant argues in his § 2255 motion that "his sentence was based on the erroneous application of the Armed Career Criminal Act . . . ," Mot. to Vacate at 1, ECF No. 53-1, because his prior conviction for South Carolina burglary second degree is not a violent felony under 18 U.S.C. § 924(e). Defendant maintains that the alleged error "renders his sentence in violation of the Constitution and laws of the United States that resulted in a sentence in excess of the maximum authorized by the law." *Id*. The Government argues in opposition that a South Carolina conviction for second degree burglary still qualifies as "generic burglary" after *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276 (2013), and, in addition, that the "residual clause" of § 924(e) applies.[3]

On June 30, 2015, the Fourth Circuit decided *United States v. Newbold*, __ F.3d __, 2015 WL 3960906 (4th Cir. June 30, 2015). In *Newbold*, the Fourth Circuit determined that because Newbold was wrongly found to be an armed career criminal, the ACCA sentence he received was "an illegal one," __ F.3d at __, 2015 WL 3960906 at *4, and that because Newbold had "received a punishment that the law cannot impose upon him," *id*. (quoting *Shipp*, 589 F.3d at 1091, his claim was cognizable under § 2255.[4] For purposes of this motion, therefore, the court finds that Defendant has adequately stated a cognizable claim under § 2255. The availability of § 2255 relief to Defendant in this matter thus hinges on whether Defendant's South Carolina conviction for second degree burglary qualifies as a violent felony under the enumerated offenses clause of the ACCA.

---

[3] On June 26, 2015, the Supreme Court found the "residual clause" unconstitutionally vague. *Johnson v. United States*, 576 U.S. __, __ S. Ct. __, 2015 WL 2473450 (U.S., June 26, 2015).

[4] The Government does not assert that Defendant's claim is barred by the waiver contained in his plea agreement. Nor does the Government argue procedural default. Indeed, the Government argues the merits of whether or not Defendant's prior conviction for second degree burglary is a "violent felony" under 18 U.S.C. § 924(e).

### III. 18 U.S.C. § 924(E)

A federal felon in possession conviction typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years' imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As relevant to this case, ACCA defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).

The first clause of § 924(e)(2)(B) is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another.").[5] 18 U.S.C. § 924(e)(2)(B)(i). The second clause, § 924(e)(2)(B)(ii), lists specific offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted the "enumerated offenses" clause. These enumerated offenses are not defined in the statute.

---

[5]Defendant's burglary second conviction would not qualify as a predicate offense under the "use of force" clause as no element of the offense speaks to the use of force against another person. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (the "physical force" listed in clause (i) is "violent force—that is, force capable of causing physical pain or injury to another person."). *See also United States v. Martin*, 753 F.3d 485, 488 (4th Cir. 2014) (same).

Finally, the portion of § 924(e)(2)(B)(ii) covering convictions that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause." As noted above, on June 26, 2015, the Supreme Court held the "residual clause" of the ACCA unconstitutionally vague. *Johnson v. United States*, 576 U.S. __, __ S. Ct. __, 2015 WL 2473450 (U.S., June 26, 2015).

### IV. DEFENDANT'S PRIOR QUALIFYING CONVICTION – S.C. Code § 16-11-312

South Carolina Code § 16-11-312 provides:

(A) A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein.

(B) A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and either:

(1) When, in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:

(a) Is armed with a deadly weapon or explosive; or

(b) Causes physical injury to any person who is not a participant in the crime; or

(c) Uses or threatens the use of a dangerous instrument; or

(d) Displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or

(2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or

(3) The entering or remaining occurs in the nighttime.

The definitional sections associated with a violation of § 16-11-312 are found at S.C. Code § 16-11-10 and § 16-11-310. South Carolina Code § 16-11-10 provides that

[w]ith respect to the crimes of burglary and arson and to all criminal offenses which are constituted or aggravated by being committed in a dwelling house, any house, outhouse, apartment, building, erection, shed or box in which there sleeps a

6

>   proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house, and of such a dwelling house or of any other dwelling house all houses, outhouses, buildings, sheds and erections which are within two hundred yards of it and are appurtenant to it or to the same establishment of which it is an appurtenance shall be deemed parcels.

South Carolina Code § 16-11-310 provides:

>   (1) "Building" means any structure, vehicle, watercraft, or aircraft:
>
>   (a) Where any person lodges or lives; or
>
>   (b) Where people assemble for purposes of business, government, education, religion, entertainment, public transportation, or public use or where goods are stored. Where a building consists of two or more units separately occupied or secured, each unit is deemed both a separate building in itself and a part of the main building.
>
>   (2) "Dwelling" means its definition found in § 16-11-10 and also means the living quarters of a building which is used or normally used for sleeping, living, or lodging by a person.

In 2006, Defendant was charged with first degree burglary in Lancaster County, South Carolina. In 2007, he pleaded guilty to "non-violent" second degree burglary "in violation of [S.C. Code] § 16-11-312." Under S.C. Code § 16-11-60, to be convicted of a "non-violent" offense in § 16-11-312, Defendant would necessarily have been convicted of a violation of § 16-11-312(A). *See* S.C. Code Ann. § 16-11-60 (listing § 16-11-312(B) as a "violent" felony under state law). Therefore, for purposes of this motion, Defendant was convicted of a violation of § 16-11-312(A), which provides "[a] person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein."

**V. DISCUSSION**

The court finds that it is bound by the Fourth Circuit decision of *United States v. Wright*, 594 F.3d 259 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 507 (2010). *See also United States v. Brown*, 597

7

F. App'x 203 (4th Cir. 2015) (noting that panel bound by *Wright* absent *en banc* or Supreme Court decision). In *Wright*, the court found that

> the law Wright violated as a juvenile states that "[a] person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling." S.C. Code § 16–11–312(A). This language tracks the generic definition of burglary set forth by the Supreme Court in *Taylor*, and as such we have no difficulty determining that South Carolina's burglary statute falls within the ACCA's list of prior offenses.

594 F.3d at 266.

This court believes the holding in *Wright* should be reconsidered.[6] First, the court's finding that the second degree burglary statutory language "tracks the generic definition of burglary" in *Taylor* is in doubt. The South Carolina statute requires entry into a dwelling but the definition of "dwelling" in §§ 16-1-310 and 16-11-10 includes "erections which are within two hundred yards of" a dwelling house, S.C. Code § 16-11-10, or living quarters of a vehicle, watercraft, or aircraft, S.C. Code 16-11-310(1), (2). These definitions necessarily take South Carolina's second degree burglary statute beyond the "generic burglary" defined in *Taylor*.[7] *See James v. United States*, 550 U.S. 192, 211 n.7 (2007) ("Burglary under Florida law differs from 'generic burglary' [because it]

---

[6]The Fourth Circuit has scheduled oral argument in *United States v. McLeod*, No. 14-4766, on September 17, 2015. McLeod challenges use of his South Carolina second degree burglary convictions as ACCA predicates. The briefs in *McLeod* disagree whether the convictions were under S.C. Code § 16-11-312(A) or § 16-11-312(B). *Wright* dealt with a conviction under S.C. Code § 16-11-312(A).

[7]Additionally, there is some question whether S.C. Code § 16-11-312(A) is divisible and therefore an analysis under the "modified categorical approach" would be appropriate. *See State v. Smalls*, 519 S.E.2d 793 (S.C. Ct. App. 1999) (indictment for first degree burglary sufficient; definitions contained in definitional statutes (S.C. Code §§ 16-11-10 and 16-11-310) not elements of offense). However, even assuming this is correct, the Government concedes there are no *Shepard* - approved documents available which "sufficiently establish that Davis's second-degree burglary conviction was for generic burglary." Supp. Resp. at 10, ECF No. 68.

8

extends not just to entries of structures, but also of 'conveyances.' . . . We [also] agree that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary' set forth in *Taylor* . . . ."), *overruled on other grounds by Johnson v. United States*, 576 U.S. __, __ S. Ct. __, 2015 WL 2473450 (U.S., June 26, 2015). *See also Shepard v. United States*, 495 U.S. 13, 15-16 (2005) ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle."); *United States v. Henriquez*, 757 F.3d 144, 150 (4th Cir. 2014) ("If a defendant could be convicted of burglarizing a dwelling that happens to be a boat or motor vehicle, *Shepard* precludes the application of the sentence enhancement in Guidelines Section § 2L1.2(b)(1)(A)(ii) to such a conviction."); *United States v. Ramirez-Flores*, 743 F.3d 816, 820 n.1 (11th Cir. 2014) (Government conceded that "a conviction under S.C. Code 16-11-312(A) does not necessarily involve facts equating to generic burglary."); *United States v. McFalls*, 592 F.3d 707, 712 (6th Cir. 2010) (defendant's South Carolina conviction for second degree burglary did not meet categorical definition of burglary because South Carolina statute defining "dwelling" "extends to uninhabitable structures as far as 200 yards from a dwelling house.").

Second, it does not appear that the parties in *Wright* briefed or argued the issue whether a South Carolina conviction for second degree burglary was a qualifying ACCA predicate; indeed, this issue was not the focus of the court's opinion. *See Wright*, 594 F.3d at 265 ("Rather, the only question is whether as a definitional matter Wright 'carried' firearms when he admittedly stole them from homes on three separate occasions.").

### VI. CONCLUSION

The court is bound by the Fourth's Circuit's published opinion in *Wright*. Accordingly, the

Government's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

The court believes reasonable jurists could debate whether the issue should have been decided differently or that the issues presented are adequate to deserve encouragement to proceed further.  *Miller-El v. Cockrell,* 537 U.S. at 336-38; *McDaniel*, 529 U.S. at 483-84.

Therefore, the court **grants** Defendant's motion and issues a certificate of appealability on the issue of whether Defendant's prior conviction for South Carolina second degree burglary qualifies as a violent felony under 18 U.S.C. § 924(e).

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
July 8, 2015